

Littler Mendelson, P.C.
One Newark Center
8th Floor
Newark, NJ 07102

Michael T. Grosso
973.848.4708 direct
973.848.4700 main
973.215.2615 fax
mgrosso@littler.com

July 29, 2013

**VIA ECF**

Honorable Dennis M. Cavanaugh, U.S.D.J.
United States District Court for the
District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   **Jose Ivan Vilches, et al. v. The Travelers Companies, Inc., et al.**
      **Civil Action No. 2:13-cv-4160-DMC-JAD**

Dear Judge Cavanaugh:

This firm represents Defendants The Travelers Companies, Inc., Travelers of New Jersey, Travelers Auto Insurance Company of New Jersey and First Trenton Indemnity Company (collectively "defendants" or "Travelers"). Please accept this letter brief in lieu of a more formal brief in further support of defendants' Motion to Seal Plaintiffs' State Court Complaint, supporting Verifications and Exhibits attached thereto ("State Court Pleadings") in accordance with Local Rule of Civil Procedure 5.3.

In his Opposing Certification, Plaintiff Vilches[1] ("Vilches") argues that this Court should deny Travelers' motion to seal the State Court Pleadings because of an action Travelers filed earlier this year against Vilches in the Superior Court of New Jersey, Morris County Chancery Division, Docket No. MRS-C-50-13, titled *The Travelers Companies, Inc. v. Jose Ivan Vilches* ("Morris County Action"). Vilches alleges that because Travelers filed an "unseal complaint,"

---

[1] Vilches is the only plaintiff who has filed any form of opposition to Travelers' Motion to Seal.

Honorable Dennis M. Cavanaugh, U.S.D.J.
July 29, 2013
Page 2

"unseal certification" and "unseal exhibits," in this prior action, plaintiffs are entitled to file unsealed confidential documents from the underlying arbitration proceeding in the instant action ("Arbitration Proceeding"). The Court should reject this argument because, quite simply, Travelers *did not file any documents* in the Morris County Action that contained confidential information concerning the Arbitration Proceeding.

### BACKGROUND

On April 22, 2013, Travelers filed a Verified Complaint and Order to Show Cause against Vilches in Morris County after Vilches advised that he had transmitted one volume of the arbitration transcript to an "overseas web based automatic delivery system" to be distributed to an unknown number of recipients. (Attached hereto as **Exhibit A** is a true and correct copy of Travelers' Verified Complaint. *See* Ex. A, ¶ 21.). Vilches further advised that within 14 days this "automatic delivery system" would transmit the transcript and other confidential documents related to the Arbitration Proceeding to an unknown number of unidentified recipients. *See* Ex. A, ¶ 21. Travelers filed the Morris County Action to enjoin Vilches from disclosing this information and to retrieve the confidential information and documents in his possession.[2]

Prior to filing the Verified Complaint and Order to Show Cause, Travelers sought to prevent Vilches' further unlawful disclosure by contacting Vilches' then-counsel, Jonathan Nirenberg, Esq., who advised that he no longer represented Vilches. *See* Ex. A, ¶ ¶ 27, 28. Travelers also sought emergency relief and an expedited order from the Arbitrator to prevent

---

[2] On July 19, 2013, the Honorable Stephan C. Hansbury, Presiding Judge, Chancery Division of the Morris County Superior Court entered a judgment by default against Vilches, and ordered him to produce electronic devices in his possession to allow Travelers to identify confidential information in Vilches' possession and/or that was unlawfully disclosed to a third party.

Honorable Dennis M. Cavanaugh, U.S.D.J.
July 29, 2013
Page 3

further dissemination of the transcript and confidential information.  *See* Ex. A, ¶ ¶ 29–31.  The Arbitrator, however, opined that she did not have jurisdiction to rule on Travelers' application. *See* Ex. A, ¶ 32.  Left with no other option, Defendants filed the Morris County Action.

## **THE MORRIS COUNTY ACTION**

The Verified Complaint and accompanying materials filed by Travelers in the Morris County Action did not disclose any confidential information.  Rather, it merely set forth the procedural history of the litigation and arbitration with Vilches and provided the Court with the relevant language from the Arbitration Policy and Travelers Code of Business Conduct and Ethics that required Vilches to keep the proceedings confidential.  *See* Ex. A, ¶ ¶ 15, 16. Travelers went to great effort not to identify any confidential information or detail the arbitration proceedings by redacting such information and merely referencing the nature of the information, documents and testimony that the parties presented during the Arbitration Proceeding.

With its Verified Complaint, Travelers included a redacted copy of the application for emergency relief and expedited order that it submitted to the Arbitrator, removing all information concerning the underlying Arbitration Proceeding.  (Attached hereto as **Exhibit B** is a true and correct copy of the redacted April 15, 2013 correspondence to Arbitrator Jacob attached to the Verified Complaint in the Morris County Action as Exhibit H.  *See also* Ex. A, ¶ 30).  Travelers also submitted a redacted copy the Arbitrator's Order denying its application to protect the confidential information from the Arbitration Proceeding.  (Attached hereto as **Exhibit C** is a true and correct copy of the redacted Order dated April 18, 2013, attached to the Verified Complaint in the Morris County Action as Exhibit I.  *See also* Ex. A, ¶ 32).

Honorable Dennis M. Cavanaugh, U.S.D.J.
July 29, 2013
Page 4

Importantly, none of the exhibits to the Verified Complaint in the Morris County Action, as demonstrated by Exhibits B and C attached hereto, contains any documents or confidential information from the Arbitration Proceeding. Travelers' filings in the Morris County Action, therefore, preserved the confidentiality of the Arbitration Proceeding as required by the Arbitration Policy and Travelers Code of Business Conduct.

## CONCLUSION

Unlike Travelers, plaintiffs have failed to abide by the Arbitration Policy and Travelers Code of Business Conduct and Ethics by attaching confidential documents from the Arbitration Proceeding as exhibits to their Complaint and supporting Verifications.

For the foregoing reasons, as well as the reasons set forth in the Certification of Michael T. Grosso, Esq. in support of Defendants' Motion to Seal, defendants respectfully request that this Court allow defendants to file plaintiff's State Court Pleadings under seal.

Respectfully submitted,

/s/ Michael T. Grosso

Michael T. Grosso

Enclosures

cc:     Jose Ivan Vilches
        Francis X. Sheehan
        Jack Costeira
        (all via fedex)

Firmwide:122205631.1 028504.1156

# EXHIBIT "A"

**LITTLER MENDELSON**
A Professional Corporation
One Newark Center – 8th Floor
Newark, New Jersey 07102
973.848.4700
973.643.5626 (facsimile)
Attorneys for Plaintiff
The Travelers Companies, Inc.



| | |
|---|---|
| THE TRAVELERS COMPANIES, INC., | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: GENERAL EQUITY MORRIS COUNTY |
| Plaintiff, | |
| v. | DOCKET NO.: |
| JOSE IVAN VILCHES, | **VERIFIED COMPLAINT** |
| Defendant. | |

Plaintiff The Travelers Companies, Inc. ("Travelers" or "the Company"), by way of Verified Complaint against Defendant Jose Ivan Vilches ("Vilches"), alleges as follows:

## NATURE OF THE ACTION

1.     Travelers brings this action to prevent its former employee, Vilches, from further disclosing confidential information and documents to third parties relating to an underlying Arbitration proceeding between Vilches and Travelers, which is in violation of Travelers Employment Arbitration Policy ("Arbitration Policy"). Travelers also brings this action to prevent Vilches from further disclosing confidential information regarding Travelers and its customers in violation of another agreement to which he is a party; Travelers' Code of Business Conduct and Ethics. Finally, Travelers asks this Court to Order Vilches to identify the documents and information that have already been disclosed and to whom such documents and

information have been disclosed. By his actions, Vilches has breached the Arbitration Policy and Code of Business Conduct and Ethics. As a result, Travelers is entitled to injunctive relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under New Jersey Court Rule 4:3-1(a) because Travelers seeks relief which is equitable in nature.

3.      Venue is proper in Morris County under New Jersey Court Rule 4:3-2(a) because Travelers maintains an office and is actually conducting business in Morris County.

## THE PARTIES

4.      Travelers is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in the State of Minnesota.

5.      Vilches is an individual over the age of eighteen, who upon information and belief, is a resident and citizen of the State of New Jersey, residing at 627 Highland Avenue, Little Falls, New Jersey 07424.

6.      From on or about July 26, 2004, through January 15, 2009, Vilches worked for Travelers or its predecessors as an auto appraiser.

7.      As a condition of employment and continued employment, Mr. Vilches and all Travelers employees are required agree to the Company's Arbitration Policy and Code of Business Conduct and Ethics.

8.      Travelers has implemented an Arbitration Policy because, among other reasons, it allows for the confidential adjudication of proceedings.

-2-

9.     Travelers requires employees to sign its Code of Business Conduct and Ethics, in part, to protect its business and proprietary information, as well as the personal and confidential information of its customers to which its employees have access.

## FACTUAL ALLEGATIONS

### Prior Court Proceedings

10.     On July 22, 2009, Vilches, and two other individuals, filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County, captioned *Jose Ivan Vilches, et al. v. The Travelers Companies, Inc., et al.*, and bearing Docket No. ESX-L-6050-09 ("State Court Action").

11.     Subsequently, on September 9, 2009, Travelers removed the action to the United States District Court for the District of New Jersey wherein it was docketed as Case No. 09-cv-04630-KSH-PS.  Travelers moved for Summary Judgment to compel plaintiffs to arbitrate their individual claims pursuant to the Arbitration Policy.

12.     Ultimately, the District of New Jersey and the Court of Appeals for the Third Circuit entered Orders requiring plaintiffs to arbitrate their claims pursuant to Travelers' valid and enforceable Arbitration Policy.  In doing so, the Courts found that Vilches had agreed to the Arbitration Policy as modified vis-à-vis his repeated agreement to comply with Travelers' Code of Business Conduct and Ethics.  Attached hereto as **Exhibit A** is a true and correct copy of the Order of the District of New Jersey and transcript of the oral opinion of the Honorable Katharine S. Hayden, U.S.D.J.  Attached hereto as **Exhibit B** is a true and correct copy of the Opinion and Order of the United States Court of Appeals for the Third Circuit.

-3-

13.     Despite the District Court and Third Circuit Orders, on November 18, 2010, Vilches filed a *pro se* Complaint in the Superior Court of New Jersey titled *Jose Ivan Vilches v. Travelers of New Jersey, et al.*, PAS-L-5665-10 alleging claims arising out of his employment with Travelers. Again, Travelers was forced to file a Motion for Summary Judgment to compel Vilches to follow Travelers' Arbitration Policy and arbitrate his claims.

14.     Thereafter, on May 25, 2011, the Honorable Margaret Mary McVeigh, P.J.Ch. (Passaic County) entered an Order dismissing Vilches' *pro se* Complaint, compelling him to arbitrate his claims pursuant to the valid Arbitration Policy and finding him judicially estopped from asserting that the agreement did not apply based upon the decisions of the District of New Jersey and the Third Circuit. Attached hereto as **Exhibit C** is a true and correct copy of Order and Opinion entered by Judge McVeigh.

**The Arbitration Policy and Code of Business Conduct and Ethics**

15.     The Arbitration Policy explicitly requires that arbitration proceedings under the policy are confidential:

> The employee and the Company agree that arbitration proceedings are to be treated as confidential, and that both parties will act to protect the confidentiality of the proceedings. Both parties agree that neither they nor their counsel or advisors will reveal or disclose the substance of the proceedings to any other person, except as required by subpoena, court order, or other legal process. This restriction applies to any members of the public, and to any current, future or former employees of the Company. If disclosure is compelled of one party by subpoena, court order or other legal process, or as otherwise required by law, the party agrees to notify the other party as soon as notice of such process is received and before disclosure takes place. The employee may disclose the substance of the proceedings to members of his/her immediate family upon their agreement to maintain such information in strict confidence, as set forth in this paragraph. Nothing in this paragraph limits the Company's ability to disclose information regarding the proceedings internally or externally to those persons with a legitimate business reason to have access to such information.

-4-

(emphasis added).   Attached hereto as **Exhibit D** is a true and correct copy of Travelers

Employment Arbitration Policy. (*See* **Exhibit D**, at p. 2.)

16.     The Code of Business Conduct and Ethics addresses, among other things,

obligations of Vilches and all Travelers' employees to protect and preserve confidential

information during and after their employment with Travelers:

> ### Confidential Information and Privacy
>
> In the course of your employment, you may obtain *confidential information about the Company, its employees, customers, claimants and suppliers*. Confidential information includes, but is not limited to non-public financial and medical information and product and system information concerning customers, claimants, agents, vendors, prospective insureds and employees and applicants for employment. You must safeguard, according to legal requirements and the Company's standards of security, any confidential information that you obtain in the course of your employment. *The obligation to preserve confidential information continues even after employment ends.*
>
> You should take precautionary measures to prevent intentional and unintentional disclosure of all proprietary and confidential information. Business related records should be produced, copied, faxed, filed, stored and discarded by means designated to minimize the risk that unauthorized persons might obtain access to proprietary or confidential information. Access to work areas and computers should be properly controlled. You should not discuss sensitive matters or confidential information in public places such as elevators, hallways, restaurants, restrooms and public transportation.
>
> You should also be aware that obtaining, downloading or possessing certain confidential information, including trade secret information, without the owner's authorization may be a criminal offense. A trade secret is any piece of information that is not a matter of common knowledge in the industry or trade, and is or can be used for competitive advantage. The Company prohibits the use of trade secrets of other companies unless those companies have consented in writing to Travelers use of the information.

(emphasis added).  Attached hereto as **Exhibit E** is a true and correct copy of the Code of Business Conduct and Ethics.

**Vilches Arbitrates His Claims**

17.     Travelers and Vilches (and his two co-plaintiffs from the original court action) participated in an arbitration hearing on September 24, 25, 27, and 28, 2012 ("Arbitration Proceeding") before Arbitrator Cynthia M. Jacob at the Arbitrator's office of Fisher & Phillips LLP, 430 Mountain Avenue, Murray Hill, New Jersey 07974.

18.     During the course of the Arbitration Proceeding, the parties examined several of the company's confidential business and proprietary information, processes and procedures and other confidential information about its customers and employees.

19.     Also presented and explored at the Arbitration Proceeding were internal documents that Vilches produced during discovery, including documents containing the name, address, home telephone number, license plate number and vehicle identification number of Travelers insureds.

20.     Additionally, the Arbitration Proceeding contained testimony concerning the personal lives and work history of Vilches' co-claimants and several individuals who supervised Vilches' and his co-claimants.

**Vilches' April 12, 2013 E-mail**

21.     On April 12, 2013, Vilches sent an e-mail to William P. McLane, one of Travelers' outside counsel, providing, in pertinent part:

> Mr. McLane
>
> Please forward this email to Travelers Co.

> The attached document has been placed in an "overseas web based automatic delivery system". It is part of a series of documents. The documents have been selected by "quality of contents". The recipients have been selected from the "TRV major holders list" and the "delivery sequence" is leaning more to the "dramatic aspects" of the process.
>
> I would like to assure Travelers Management, that contrary to their disregard for the law; I have taken "right to know" and "insider trading" into consideration.
>
> I would also like to take this opportunity to give my thanks to all the attorneys for their "contributions".
>
> The "delivery sequence" will commence at about 14 days from today.

A true and correct copy of the April 12, 2013 e-mail is attached hereto as **Exhibit F**.

22.     Attached to Vilches' April 12, 2013 email was a copy of Volume III of the arbitration transcript, which included testimony and colloquy that took place on September 27, 2012.

23.     As indicated by his email, Vilches has already disclosed information by transmitting Volume III of the arbitration transcript by placing it in an "overseas web based automatic delivery system" and has threatened to further disclose information regarding the Arbitration Proceeding in violation of the Arbitration Policy.

24.     The extent to which he plans to further distribute confidential information pertaining to the arbitration is unknown, given his description of selecting recipients from the "TRV major holders list."

25.     It is unknown what additional confidential information Vilches might possess in addition to the internal documents that he produced during discovery which contained the name, address, home telephone number, license plate number and vehicle identification number of Travelers insureds.

-7-

26.     Upon information and belief, Vilches may have additional documents in his possession, including documents containing information used to track the performance of other appraisers relative to their peers, one of which Vilches produced in connection with one of claimants' post-arbitration briefs. Accordingly, the full extent of confidential information which Vilches has in his possession is unknown.

**Travelers Has Attempted to Prevent the Disclosures**

27.     On the morning of April 15, 2013, counsel for Travelers requested assurances from Vilches' counsel, Jonathan Nirenberg, Esq.:

> Jonathan,
>
> Be advised that Travelers will be seeking an injunction tomorrow in federal court regarding your client's violation of his Arbitration Agreement and AAA rules. Travelers will also be seeking sanctions and fees against Mr. Vilches and wherever else appropriate. Travelers is also looking into whether Mr. Vilches's conduct raises additional legal issues both civil and criminal. Unless you can assure me that your client has ceased his unlawful behavior, and recalled documents transmitted in clear breach of his agreement and AAA rules, by 10:00 a.m. Tuesday, Travelers will commence seeking all appropriate relief.

Attached hereto as **Exhibit G** is a true and correct copy of April 15, 2013 e-mail correspondence.

28.     Later that day, Mr. Nirenberg responded as follows:

> Bill,
>
> I forwarded your email to Mr. Vilches. However, we only represent him with respect to the arbitration. We do not represent him with respect to the issues raised in your email this morning.
>
> Thank you,
> Jonathan I. Nirenberg

*See* **Exhibit G**.

29.     In light of Mr. Nirenberg's response, Travelers sought relief from Arbitrator

Jacob, pursuant to Rule 23 of the AAA Employment Arbitration Rules and Mediation Procedures, which states:

> The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary.

30.     Also on April 15, 2013, Travelers requested emergency relief and an expedited Order from Arbitrator Jacob. Attached hereto as **Exhibit H** is a true and correct copy of the April 15, 2013 correspondence to Arbitrator Jacob which has been redacted to protect information concerning the Arbitration Proceeding.

31.     Specifically, Travelers requested that Arbitrator Jacob:

- Order Mr. Vilches to identify to Respondents' counsel, in writing and within two days, the "overseas web based automatic delivery system" and any other individuals or entities to whom he has disclosed confidential documents;

- Order Mr. Vilches to identify to Respondents' counsel, in writing and within two days,  any and all documents that he produced to the "overseas web based automatic delivery system" or to any other individual or entity;

- Order Mr. Vilches to recall and obtain any documents he has unlawfully disclosed and make a complete accounting to Respondents' counsel the Arbitrator within three days;

- Enjoin Mr. Vilches from disclosing confidential information to any other person or entity;

- Enter appropriate sanctions in connection with Mr. Vilches' conduct, including but not limited to, awarding Travelers its attorneys' fees and costs.

*See* **Exhibit H**.

32.     On April 18, 2013, Arbitrator Jacob entered an Order denying Travelers' requested Order because, "[t]he confidentiality issue, as to which respondents seek emergent relief, is outside the jurisdiction of this arbitrator..." Attached hereto as **Exhibit I** is a true and

correct copy of the Order dated April 18, 2013, which has been redacted to protect information concerning the Arbitration Proceeding.

33.    As a result of Vilches' wrongful conduct and threatened conduct, Travelers has and will continue to suffer irreparable injury, including, but not limited to, the disclosure of protected confidential business and proprietary information, the actual or threatened termination and cessation of its contractual relationships and prospective economic relationships with employees and customers and valuable good will.

## COUNT ONE

### (Breach of Contract - Arbitration Agreement)

34.    Travelers repeats and realleges the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

35.    Vilches is party to a valid Arbitration Agreement which requires that proceedings be kept confidential and prohibits him from revealing or disclosing the substance of the proceedings unless required by subpoena, court order, or other legal process.

36.    The Arbitration Agreement is valid and enforceable as determined by the District of New Jersey, the United States Court of Appeals for the Third Circuit and Superior Court of the State of New Jersey.

37.    By disclosing, among other unidentified documents, Volume III of the transcript from the arbitration proceedings to an "overseas web based automatic delivery system" and threatening to disclose the transcript and other unknown documents and information, Vilches has breached his contractual obligations to Travelers.

38.     As a direct and proximate result of Vilches' conduct, Travelers has suffered the disclosure of information Vilches contractually agreed to keep confidential and Travelers has and will continue to suffer additional damages, including the disclosure of protected confidential business and proprietary information, loss of customers, market share, and competitive edge.

39.     Vilches breached his agreement with Travelers with the purpose and effect of injuring Travelers reputation and business relationships.

## COUNT TWO

### (Breach of Contract - Code of Business Conduct and Ethics)

40.     Travelers repeats and realleges the allegations set forth in Paragraphs 1 through 39 as if fully set forth herein.

41.     Vilches is a party to the Code of Business Conduct and Ethics which requires that he safeguard confidential and private information which he learned of or obtained during the course of his employment.

42.     This obligation continues after the termination of his employment.

43.     The Code of Business Conduct and Ethics is a valid and enforceable contract, as determined by the District of New Jersey, the United States Court of Appeals for the Third Circuit

44.     By disclosing, among other unidentified documents, Volume III of the transcript from the arbitration proceedings to an "overseas web based automatic delivery system" and threatening to disclose the transcript and other unknown documents and information, Vilches has breached his contractual obligations to Travelers.

45.     As a direct and proximate result of Vilches' conduct, Travelers has suffered the disclosure of information Vilches contractually agreed to keep confidential and Travelers has and

will continue to suffer additional damages, including the disclosure of protected confidential business and proprietary information, loss of customers, market share, and competitive edge.

46.    Vilches breached his agreement with Travelers with the purpose and effect of injuring Travelers reputation and business relationships.

**WHEREFORE,** Travelers seeks judgment against Vilches for the following relief:

a.    An Order providing that Vilches be immediately and permanently enjoined from the further disclosure of any confidential information in violation of the Arbitration Agreement and the Code of Business Conduct and Ethics;

b.    An Order requiring Vilches to identify the documents and information that he has already disclosed and to whom such disclosures were made;

c.    An Order requiring Vilches to identify to Travelers' counsel, in writing and within two days, the "overseas web based automatic delivery system" and any other individuals or entities to whom he has disclosed confidential documents;

d.    An Order requiring Vilches to identify to Travelers' counsel, in writing and within two days, any and all documents that he produced to the "overseas web based automatic delivery system" or to any other individual or entity;

e.    An Order requiring Vilches to immediately recall and obtain any documents he has unlawfully disclosed and to make a complete accounting to Travelers' counsel within three days;

f.    An Order immediately and permanently enjoining Vilches from disclosing confidential information to any other person or entity;

g.    Attorneys' fees and costs; and

h.    Such other relief as the Court deems just and equitable.

-12-

**LITTLER MENDELSON, P.C.**
Attorneys for Plaintiff
The Travelers Companies, Inc.

Dated: April 22, 2013

William P. McLane
Michael T. Grosso

-13-

## VERIFICATION

I, Jan Rosker Anderson, of full age, hereby certify as follows:

1. I am the Managing Counsel of The Travelers Companies, Inc. As such, I am authorized to make this Verification on its behalf.

2. I have read the annexed Verified Complaint and based on my personal knowledge and my knowledge of information reported to me, I know its contents are true.

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Jan Rosker Anderson

Dated: April 19, 2013

-14-

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to *R.* 4:5-1, the undersigned hereby certifies that the matters raised herein are not the subject of any other lawsuit or arbitration proceeding, and that there are no other persons or entities interested in the above action who have not been made a party to this matter.

William P. McLane
Michael T. Grosso
LITTLER MENDELSON, P.C.
A Professional Corporation
Attorneys for Plaintiff
The Travelers Companies, Inc.

Dated: April 19, 2013

## DESIGNATION OF TRIAL COUNSEL

Pursuant to *R.* 4:25-4, Plaintiff The Travelers Companies, Inc. designates William P. McLane as trial counsel in this action.

William P. McLane
Michael T. Grosso
LITTLER MENDELSON, P.C.
A Professional Corporation
Attorneys for Plaintiff
The Travelers Companies, Inc.

Dated: April 19, 2013

Firmwide:119727767.6 028504.1156

15

.

# EXHIBIT "B"



Littler Mendelson, P.C.
One Newark Center
8th Floor
Newark, NJ 07102

Michael T. Grosso
973.848.4708 direct
973.848.4700 main
973.215.2615 fax
mgrosso@littler.com

April 15, 2013

**VIA EMAIL (COOKL@ADR.ORG)**

Arbitrator Cynthia M. Jacob
c/o Linda J. Cook, Esq.
American Arbitration Association
1633 Broadway, 10th Floor
New York, New York 10019

     Re:   <u>Vilches v. The Travelers Companies, Inc. et al.</u>
             <u>AAA Case No. 11-160-000355-11</u>

Dear Arbitrator Jacob:

     This Firm represents Respondents in the above-referenced matter.  We write to request *emergency relief and an expedited Order* concerning the conduct of Claimant Jose Ivan Vilches. ▮▮▮▮▮▮▮▮▮▮▮▮▮

### Request for Emergency Relief and an Expedited Order

     On Friday, April 12, 2013 at 12:01 p.m., Mr. Vilches sent an email to one of Travelers' attorneys, Bill McLane (with a copy to his attorneys), asking him to advise Travelers that that he had placed a document attached to the email (Volume III of the arbitration transcript) in "an overseas web based automatic delivery system" as part of a "series of documents."  While it is difficult to comprehend his writing, it appears that Mr. Vilches intends to distribute the arbitration transcript and other confidential Travelers documents to undisclosed recipients via some type of electronic delivery system.  A copy of Mr. Vilches' email is attached hereto as Exhibit A.

     Earlier today, Mr. McLane emailed Jonathan Nirenberg, one of Mr. Vilches' attorneys, to advise that Travelers would seek an injunction in federal court against Mr. Vilches for violating the confidentiality of his arbitration agreement and AAA rules, unless counsel assured us that their client had ceased his unlawful behavior and recalled all documents that he already disclosed.  Mr. Nirenberg responded that he forwarded Mr. McLane's email to Mr. Vilches, but advised that he and his co-counsel, Mr. Zouras, only represent Vilches with respect to the arbitration and not with respect to the issues raised in Mr. McLane's earlier email.  A copy of this email exchange is attached hereto as Exhibit B.

     Mr. Vilches' conduct is in clear violation of his arbitration agreement with Travelers (attached hereto as Exhibit C) and Rule 23 of the AAA Employment Arbitration Rules and Mediation Procedures, which states:

Arbitrator Cynthia M. Jacob
April 15, 2013
Page 2

> The arbitrator shall maintain the confidentiality of the arbitration
> and shall have the authority to make appropriate rulings to
> safeguard that confidentiality, unless the parties agree otherwise
> or the law provides to the contrary.

Accordingly, the Arbitrator is obligated to maintain the confidentiality of the proceedings and empowered to issue an appropriate Order regarding Mr. Vilches' flagrant violations of his contractual obligations. Therefore, Respondents respectfully requests that the Arbitrator issue an Order for the following:

- Order Mr. Vilches to identify to Respondents' counsel, in writing and within two days, the "overseas web based automatic delivery system" and any other individuals or entities to whom he has disclosed confidential documents;

- Order Mr. Vilches to identify to Respondents' counsel, in writing and within two days, any and all documents that he produced to the "overseas web based automatic delivery system" or to any other individual or entity;

- Order Mr. Vilches to recall and obtain any documents he has unlawfully disclosed and make a complete accounting to Respondents' counsel the Arbitrator within three days;

- Enjoin Mr. Vilches from disclosing confidential information to any other person or entity;

- Enter appropriate sanctions in connection with Mr. Vilches' conduct, including but not limited to, awarding Travelers its attorneys' fees and costs.



Arbitrator Cynthia M. Jacob
April 15, 2013
Page 3



Thank you for your courtesies.

Respectfully submitted,

Michael T. Grosso

cc:     Jonathan I. Nirenberg (via email w/attachments)
        James B. Zouras (via email w/attachments)

Firmwide:119729283.1 028504.1156

# EXHIBIT "C"

**AMERICAN ARBITRATION ASSOCIATION**
**Employment Arbitration Tribunal**

---

**In the Matter of Arbitration Between:**

Re: 11 160 00355 11

Jose Ivan Vilches, Francis X. Sheehan, Jr.,
and Jack Costeira on behalf of themselves
and all others similarly situated          (Claimants)

and

The Travelers Companies, Inc.          (Respondent)

---

**DISPOSITION FOR APPLICATION OF EMERGENT RELIEF OF**
**CONFIDENTIALITY ISSUE** ▮▮▮▮▮▮▮▮▮▮▮▮

    I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the

arbitration agreement entered into between the above-named parties, and having been duly

sworn, and having duly heard the proofs and allegations of the parties, and having rendered an

award dated March 20, 2013, does hereby ORDER, as follows:

    1.    The confidentiality issue, as to which respondents seek emergent relief, is outside

the jurisdiction of this arbitrator, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮





Cynthia M. Jacob

DATE:  April 18, 2013