NOT FOR PUBLICATION

CL

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VILCHES, et al., | |
| Plaintiffs, | **Hon.** |
| v. | **OPINION** |
| THE TRAVELERS COMPANIES, INC., et al., | Civil Action No. 2:13-cv-4160 |
| Defendants. | |

_____, U.S.D.J.:

This matter comes before the Court upon the Motion of Defendants The Travelers Companies, Inc., Travelers of New Jersey, Travelers Auto Insurance Company of New Jersey, and First Trenton Indemnity Company (collectively "Defendants") to Dismiss the Complaint of Plaintiff Jose Ivan Vilches ("Vilches"), Francis X. Sheehan, Jr., and Jack Costeira ("Plaintiffs"). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motion to Dismiss is **granted**.

I. BACKGROUND[1]

Plaintiffs previously worked for Defendants as auto appraisers. As a condition of their employment, Plaintiffs were required to agree to Defendants' arbitration policy, which requires that all employment-related disputes be adjudicated by way of arbitration.

On July 22, 2009, Plaintiffs filed a complaint in the Superior Court of New Jersey,

---

[1] The facts from this section are taken from the parties' pleadings.

1

alleging that they were owed unpaid wages and overtime compensation under the Fair Labor Standards Act and New Jersey Wage and Hour Law. Defendants removed the case to federal court, and the case was dismissed and referred to arbitration. The Third Circuit affirmed this decision. Beginning September 24, 2012, Plaintiffs and Defendants participated in a four-day arbitration hearing before Arbitrator Cynthia M. Jacob (the "Arbitrator"). The Arbitrator rendered an award on December 12, 2012 (the "Award"), and issued two subsequent opinions on the issues of damages on March 20, 2013 and April 1, 2013. In the April 1, 2013 opinion, the Arbitrator provided the parties with the number of overtime hours to which Plaintiffs were entitled. On April 16, 2013, Defendants issued checks to Plaintiffs and their attorneys in accordance with the Arbitrator's decisions. Plaintiffs' attorneys have since ceased their representation of Plaintiffs.

On June 18, 2013, Plaintiffs filed a *pro se* complaint in the Superior Court of New Jersey asking the court to "Affirm our FLSA Arbitration Award with Full Quantum of Damages." Defendants removed the action to this District on July 8, 2013 (ECF No. 1). Defendants then filed a Motion to Dismiss on August 1, 2013 (ECF No. 12). Vilches filed a Declaration in Opposition on August 20, 2013 (ECF No. 13). Neither Sheehan nor Costeira filed Oppositions. Defendants filed a Reply on August 26, 2013 (ECF No. 14).

## II.   STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's

"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

## II. DISCUSSION

It is somewhat unclear what type of relief Plaintiffs seek. The Complaint identifies Plaintiffs' cause of action as one to "Affirm our FLSA Arbitration Award with Full Quantum of Damages" (Compl. at 1). However, later in the Complaint, Plaintiffs state that they are seeking the full amount of damages that they originally sought in their first state court complaint (Id. ¶ 8). Thus, it appears that Plaintiffs are not actually asking this Court to affirm the Award, but to vacate or modify the Award.

A Court's review of an arbitration award is "extremely deferential." Bellantuono v. ICAP Sec. USA, LLC, No. 12-4253, 2014 WL 323380, at *4 (3d Cir. Jan. 30, 2014) (quoting Dluhos v. Strasberg, 321 F.3d 365, 372 (3d Cir.2003)). As such, Courts "begin with the presumption that the award is enforceable." Id. (quoting Sutter v. Oxford Health Plans LLC, 675 F.3d 215, 219 (3d Cir. 2012)). Pursuant to Section 10 of the Federal Arbitration Act, a Court may only vacate

an arbitration award under the following circumstances: "(1) the award was procured by corruption, fraud, or undue means; (2) the arbitrators demonstrated partiality or corruption; (3) the arbitrators were guilty of misconduct; or (4) the arbitrators exceeded their powers." Id. (citing 9 U.S.C. § 10(a)(1)-(4)). Additionally, there are three common law grounds to vacate an arbitration award: "1) an arbitrator's manifest disregard for the law, as opposed to a legal error; 2) if the award is completely irrational; and 3) if the award is contrary to public policy." CD & L Realty LLC v. Owens-Illinois, Inc., No. 11-CV-7248, 2012 WL 4463878, at *2 (D.N.J. Sept. 25, 2012) aff'd sub nom. CD & L Realty LLC v. Owens Illinois, Inc., 535 F. App'x 201 (3d Cir. 2013).

Plaintiffs do not identify which basis they rely on to support their contention that the Award should be vacated. However, the Complaint fails to plead facts that support any of the above grounds for vacating an arbitration award. First, Plaintiffs contend that after learning that the "key document" presented by Defendants was false, the Arbitrator nonetheless decided in favor of Defendants (Compl. ¶ 3). Plaintiffs, however, do not identify the alleged false document,[2] nor do they provide any other information to support this allegation. Plaintiffs also state that "[o]n April 18, 2013 . . . on Motion by Defendants, the Arbitrator made an offer to reopen the issues of Quantum of Damages, provided the parties consent in writing" (Id. ¶ 5). Plaintiffs assert that Defendants' attorneys "[d]eliberately . . . did not offer this opportunity to Plaintiffs," and that this was a "clear act of collusion" (Id.). However, Plaintiffs fail to explain why it was Defendants' responsibility to inform them of this offer from the Arbitrator. Finally, Plaintiffs claim that Defendants bribed Plaintiffs' attorneys. However, Plaintiffs provide no

---

[2] Although Plaintiffs identify the document in their Opposition, this Court will not consider new information raised for the first time in the Opposition. Further, the Opposition fails to state how Plaintiffs know that this document was false.

4

factual detail to support this contention other than their own conclusory allegation. As such, Plaintiffs have not provided this Court with a reason to vacate the Award, and Defendants' Motion to Dismiss is granted.[3]

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **granted**. Plaintiffs' Complaint is dismissed without prejudice. An appropriate Order follows this Opinion.

_____, U.S.D.J.

Date:  March 25, 2014
Original:  Clerk's Office
cc:  Hon. James B. Clark U.S.M.J.
     All Counsel of Record
     File

---

[3] As discussed above, the relief sought by Plaintiffs is unclear. However, to the extent that Plaintiffs intended to ask this Court to modify rather than vacate the Award, Plaintiffs have failed to meet this standard as well, as they have not shown: 1) that "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;" 2) that the Arbitrator awarded upon a matter not submitted to her; or 3) that "the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.